# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EMILY ROBERTSON ETIENNE**                    **CIVIL ACTION**

**VERSUS**

**NO. 17-445-SDD-RLB**

**EBR-COA, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 17, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMILY ROBERTSON ETIENNE

VERSUS

EBR-COA, ET AL.

CIVIL ACTION

NO. 17-445-SDD-RLB

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 28, 2017, the Court granted Emily Robertson Etienne's ("Plaintiff") Motion for Leave to Proceed in Forma Pauperis. (R. Doc. 3). As Plaintiff is now proceeding in forma pauperis ("IFP"), the undersigned has performed a review, pursuant to 28 U.S.C. § 1915(e), to determine whether the Complaint should be dismissed as frivolous or malicious, or whether it fails to state a claim on which relief may be granted.

**I.    Nature of the Plaintiff's Allegations**

On July 11, 2017, Plaintiff commenced this action against the following defendants: (1) EBR-COA (East Baton Rouge Council on Aging); (2) Tasha Clark-Amar; (3) Charlotte C. Turner; (4) Estate of Helen Plummer; (5) Shontell LeBeouf; (6) Trudy Bihm; (7) Cynthia Smith; and (8) Jay Williams. (R. Doc. 1).

Plaintiff alleges that on July 7, 2016 she was accused by Ms. Clark-Amar of taking money out of the late Ms. Plummer's wallet that was left in her car while she was attending an EBR-COA meeting. Plaintiff alleges that on July 11, 2016, Ms. Turner asked Plaintiff to leave the bingo hall of the EBR-COA and told Plaintiff that she was "suspended from the center" in light of the alleged theft until she paid $300. Plaintiff alleges that she was subsequently granted an "appeal" of her suspension by Ms. Clark-Amar, Ms. LeBeouf, Ms. Turner, and Mr. Williams, but only after she brought the issue to the attention of the Elderly Protective Services and then

the GOEA (Governor's Office of Elderly Affairs).  Plaintiff does not allege whether she participated in an actual hearing on appeal or the results of the foregoing appeal, if any.

Plaintiff alleges that on or about July 25, 2016 she first learned that Ms. Turner submitted a complaint and/or incident report regarding the alleged theft on July 6, 2016.

In light of the foregoing, Plaintiff claims that her civil rights were violated because she was not able to defend herself or face her accuser as a police report was never completed or filed, even after she requested one.  Plaintiff alleges that she was defamed, harassed, extorted, accused, exploited, intimidated, persecuted, and retaliated against.

Plaintiff does not identify any federal law under which she is seeking relief.  Plaintiff prays that the Court clear her name, require a public apology, return one year of denied services, and any other relief the Court deems necessary.

**II.     Law and Analysis**

District courts must construe IFP complaints filed by *pro se* plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the court determines the case:

(i)      is frivolous or malicious;

(ii)     fails to state a claim on which relief may be granted; or

(iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915(e) may be made before service of process. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

An IFP complaint is properly dismissed as frivolous if the plaintiff's claims lack an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995).  A court

2

may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton*, 504 U.S. at 33; *Neitzke*, 490 U.S. at 327; *see also Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992) ("A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible"). Pleaded facts which are merely improbable or strange are not frivolous. *Denton*, 504 U.S. at 33; *Ancar*, 964 F.2d at 468.

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003). When reviewing a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In most circumstances, a court should allow a plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice "unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). However, a court should deny leave to submit futile

3

amendments that are "insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985). In other words, "the same standard of legal sufficiency as applies under Rule 12(b)(6)," and by extension § 1915(a)(2)(B)(ii), applies to futility. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3D 863, 873 (5th Cir. 2000).

Having reviewed the Complaint, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted under federal law. While Plaintiff has not identified a source of federal law under which she is seeking relief, the Court will assume she is seeking relief pursuant to 42 U.S.C. § 1983. "To plead a constitutional claim for relief under § 1983, [a plaintiff must] allege a violation of a right secured . . . by the Constitution or laws of the United States and a violation of that right by one or more state actors." *Johnson v. Dallas Indep. Sch. Dist.*, 38 F.3d 198, 200 (5th Cir. 1994).

Plaintiff has failed to identify any constitutional or federal right that was violated in light of her suspension from the EBR-COA bingo hall. "In a section 1983 cause of action asserting a due process violation, a plaintiff must first identify a life, liberty, or property interest protected by the Fourteenth Amendment and then identify a state action that resulted in a deprivation of that interest." *Blackburn v. City of Marshall*, 42 F.3d 925, 935 (5th Cir. 1995) (citations omitted). To the extent Plaintiff is seeking recovery related to her alleged injury to reputation, such injury, by itself, is not a liberty interest protected under the Fourteenth Amendment. *Paul v. Davis*, 424 U.S. 693, 710 (1976); *Siegert v. Gilley*, 500 U.S. 226, 233-34 (1991) ("Defamation, by itself, is a tort actionable under the laws of most States, but not a constitutional deprivation. . . . Most defamation plaintiffs attempt to show some sort of special damage and out-of-pocket loss which flows from the injury to their reputation. But so long as such damage flows from injury caused by the defendant to a plaintiff's reputation, it may be recoverable under state tort law but it is not

recoverable in a [§ 1983] action."). Accordingly, any attempt by Plaintiff to raise a due process claim under the Fourteenth Amendment fails because she has not identified any protected interest that was violated.

Plaintiff claims that her "civil rights" were violated because certain defendants failed to report the underlying incident to the police. Failure to file a police report, even by the police, is not a constitutional violation. *See Correia v. Town of Framingham*, 969 F. Supp. 2d 89, 98 (D. Mass. 2013) ("This Court is persuaded that an officer's failure to file a police report, in furtherance of an alleged conspiracy to cover-up wrong-doing, does not constitute an independent constitutional violation and therefore cannot support plaintiffs' cover-up conspiracy claim."). Accordingly, even if true, the failure of any of the named defendants to file a police report given Plaintiff's alleged theft does not constitute a violation of federal law recoverable under 42 U.S.C. § 1983.

Finally, it is not clear to what extent the individual defendants named in the Complaint are employed by the EBR-COA or any other state or local agency. The acts of private parties, "even if wrongful, do not fall under the ambit of the Constitution." *Bui Phu Xuan v. Fort Worth Star Telegram*, 277 Fed. App'x. 452, 454 (5th Cir. 2008) (citing *United States v. Sealed Juvenile 1*, 255 F.3d 213, 216 (5th Cir. 2001)). To the extent the individual defendants are not persons acting under color of state law, Plaintiff has failed to state a cognizable claim for relief under 42 U.S.C. § 1983. *See Cruz v. Hopper*, 73 Fed. App'x 62, 63 (5th Cir. 2003) (finding district court properly determined inmate's claim against nongovernmental private defendant failed to state a claim under § 1983).

5

### III.  Conclusion

Based on the foregoing, Plaintiff's claims have no arguable basis in fact or in law, and it is clear the defects are incurable and amendment would be futile.  Accordingly, the Complaint should be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i).

**IT IS RECOMMENDED** that Plaintiff's Complaint should be **DISMISSED** as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

To the extent Plaintiff believes that she may remedy the aforementioned deficiencies, those should be addressed in objections to this report and recommendation for consideration by the district judge.

Signed in Baton Rouge, Louisiana, on April 17, 2018.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**